Case: 4:22-cv-00875-SPM Doc. #: 1-3 Filed: 08/23/22 Page: 1 of 22 PageID #: 11

Your Missouri Courts

Missouri Case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess Logoff JEFF_BRINKER

## 22JE-CC00570 - SABRINA BYRD ET AL V U.S. SILICA COMPANY (E-CASE)

FV File Viewer

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

Click here to eFile on Case | Click here to Respond to Selected Documents | Sort Date Entries: Descending Ascending | Display Options: All Entries

**08/15/2022** **Corporation Served**

Document ID - 22-SMCC-1144; Served To - U.S. SILICA COMPANY; Server - ; Served Date - 21-JUL-22; Served Time - 10:01:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - BONNIE LOVE

**08/12/2022** **Notice of Service**

Return of Service.

**Filed By:** Amanda N Murphy

**On Behalf Of:** SABRINA BYRD, ESTATE OF LEONARD WAYNE BYRD, ESTATE OF REBECCA JOYCE BYRD, DENNIS BYRD, MICHELLE BYRD, LISA FORRESTER, LEONARD BYRD, RONDA PEZZULICH

**07/19/2022** **Certificate of Service**

Certificate of Mailing.

**Filed By:** Amanda N Murphy

**On Behalf Of:** SABRINA BYRD, ESTATE OF LEONARD WAYNE BYRD, ESTATE OF REBECCA JOYCE BYRD, DENNIS BYRD, MICHELLE BYRD, LISA FORRESTER, LEONARD BYRD, RONDA PEZZULICH

**07/14/2022** **Summons Issued-Circuit**

Document ID: 22-SMCC-1144, for U.S. SILICA COMPANY.

**07/13/2022** **Filing Info Sheet eFiling**

**Filed By:** Amanda N Murphy

**Memorandum Filed**

Memorandum Requesting Summons.

**Filed By:** Amanda N Murphy

**On Behalf Of:** SABRINA BYRD, ESTATE OF LEONARD WAYNE BYRD, ESTATE OF REBECCA JOYCE BYRD, DENNIS BYRD, MICHELLE BYRD, LISA FORRESTER, LEONARD BYRD, RONDA PEZZULICH

**Pet Filed in Circuit Ct**

Petition.

**Judge Assigned**

Case.net Version 5.14.57 | Return to Top of Page | Released 08/02/2022

**EXHIBIT A**

**22JE-CC00570**

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | |
|---|---|
| SABRINA BYRD, individually, and on behalf of the Estate of Leonard Wayne Byrd and the Estate of Rebecca Joyce Byrd, DENNIS BYRD, MICHELLE BYRD, LISA FORRESTER, LEONARD LEE BYRD and RONDA PEZZULICH, | ) ) ) ) ) ) |
| Plaintiffs, | ) Cause No. ) |
| v. | ) Division ) |
| U.S. SILICA COMPANY, | ) **JURY TRIAL DEMANDED** ) |
| Serve:  **Registered Agent** | ) |
| **CT Corporation System** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
| Defendant. | ) |

**PETITION FOR WRONGFUL DEATH**

COMES NOW Plaintiffs Sabrina Byrd, individually, and on behalf of the Estate of Leonard Wayne Byrd and the Estate of Rebecca Joyce Byrd, Dennis Byrd, Michelle Byrd, Lisa Forrester, Leonard Lee Byrd and Ronda Pezzulich, through counsel, and for their cause of action against Defendant U.S. Silica Company, hereby states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On November 23, 2020, James Milstead was driving a tractor-trailer on Interstate 55 in Pevely, Missouri, when he failed to see a vehicle slowing in the road in front of him. Milstead struck the rear of the vehicle at highway speed, lost control of his rig, smashed through the cable barrier, and struck an oncoming vehicle head-on, killing the two people inside. Leonard Byrd, 72, and Rebecca Joyce Byrd, 66, left behind their adult children, the named Plaintiffs in this action.  On the date of the crash and at all relevant times, Milstead was engaged in hauling sand for Defendant U.S. Silica Company.

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

**Parties, Jurisdiction, and Venue**

2.      Decedents Leonard Byrd and Rebecca Joyce Byrd were residents and citizens of Ste. Genevieve, Missouri.

3.      Plaintiffs Sabrina Byrd, Dennis Byrd, Michelle Byrd, and Lisa Forrester are and have been at all times pertinent hereto residents and citizens of the State of Missouri.

4.      Plaintiff Leonard Lee Byrd is and has been at all times pertinent hereto a resident and citizen of the State of Texas.

5.      Plaintiff Ronda Pezzulich is and has been at all times pertinent hereto a resident and citizen of the State of Florida.

6.      Plaintiffs Sabrina Byrd, Michelle Byrd, Lisa Forrester and Leonard Lee Byrd are the natural and biological children of decedents Leonard Wayne Byrd and Rebecca Joyce Byrd ("decedents").

7.      Plaintiff Dennis Byrd is the adopted son of decedents Leonard Wayne Byrd and Rebecca Joyce Byrd.

8.      Plaintiff Ronda Pezzulich is the natural and biological daughter of decedent Leonard Wayne Byrd.

9.      Plaintiffs Sabrina Byrd, Dennis Byrd, Michelle Byrd, Lisa Forrester and Leonard Lee Byrd bring these claims for wrongful death pursuant to RSMo § 537.080, *et. seq.*, in connection with the death of their parents, decedents Leonard Wayne Byrd and Rebecca Joyce Byrd, arising out of the crash described herein.

10.     Plaintiff Ronda Pezzulich brings her claim for wrongful death pursuant to RSMo § 537.080, *et. seq.*, in connection with the death of her parent, decedent Leonard Wayne Byrd, arising out of the crash described herein.

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

11.   Collectively, Sabrina Byrd, Dennis Byrd, Michelle Byrd, Lisa Forrester, Leonard Lee Byrd and Ronda Pezzulich ("Plaintiffs") are the only persons entitled to bring a cause of action for the wrongful deaths of decedents pursuant to RSMo § 537.080(1).

12.   Pursuant to Letters of Administration issued by the Probate Division of the Circuit Court of Sainte Genevieve County, Missouri, Plaintiff Sabrina Byrd is serving as the duly appointed personal representative of the Estate of Leonard Wayne Byrd (Cause No. 21SG-PR00014) and the Estate of Rebecca Joyce Byrd (Cause No. 21SG-PR00015).

13.   Defendant U.S. Silica Company ("US Silica") is a Delaware corporation with its principal place of business at 24275 Katy Freeway, Katy, Texas 77494, is registered in the State of Missouri for purposes of conducting and transacting business in the State of Missouri, and systematically and routinely conducts business within the State of Missouri, with a registered agent for receipt of service of process at 120 South Central Avenue, Clayton, MO 63105.

14.   Jurisdiction and venue are proper in the Circuit Court of Jefferson County, State of Missouri insofar as the fatal collision described herein occurred within Jefferson County, State of Missouri, and insofar as Defendant US Silica is subject to specific personal jurisdiction within the State of Missouri.

**Background and Crash**

15.   Non-party Hall Hauling, LLC, is a Missouri limited liability company, created and recognized by the State of Missouri on June 22, 1995, with a registered office address located at 6120 Creech Lane, Troy, MO 63379, and listing its registered agent as Jason Hall.

16.   At all relevant times, Hall Hauling, LLC, was an interstate motor carrier authorized to transport goods in interstate commerce and in the State of Missouri pursuant to a United States Department of Transportation permit (USDOT #660210).

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

17.  For years, Defendant U.S. Silica Company, a shipper, has been one of Hall Hauling, LLC's customers in that Hall Hauling, LLC had routinely and customarily carried freight for U.S. Silica Company for profit.

18.  In approximately 2018, Defendant U.S. Silica Company cancelled its contract with Hall Hauling, LLC, and/or otherwise endeavored to stop routinely and customarily tendering loads to motor carrier Hall Hauling, LLC for shipment.

19.  At approximately the same time, Defendant U.S. Silica Company entered into a contract with or otherwise endeavored to start routinely and customarily tendering loads to a different entity, Hall Construction Services, LLC, for shipment.

20.  Hall Construction Services, LLC, is a Missouri limited liability company, created and recognized by the State of Missouri on January 1, 2018, with a registered office address located at 6120 Creech Lane, Troy, MO 63379, and listing its registered agent as Jason Hall.

21.  Hall Construction Services, LLC does not have motor carrier authority or broker authority and has never had such authority since its inception on January 1, 2018.

22.  At all relevant times, Jason Hall has been the sole owner, member, and manager of Hall Hauling, LLC and Hall Construction Services, LLC.

23.  At all relevant times, Hall Hauling, LLC and Hall Construction Services, LLC, shared an office and employees, including Jason Hall and Chelsi Shockley.

24.  In the three years prior to Hall Construction Services, LLC's creation on January 1, 2018, Hall Hauling, LLC's motor carrier safety record plummeted, due to a pattern of unsafe acts and shown by numerous interventions by safety authorities, including but not limited to:

    a.  An on-site focused investigation by safety authorities to address issues on March 17, 2015;

    b.  A fine of $42,640.00 by safety authorities on July 24, 2015, for repeated violations of rules regulating drive times to 14 hours or fewer;

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

  c. Crashes by drivers on August 21, 2015, August 16, 2016, and May 5, 2017, one of which resulted in a death;

  d. A safety compliance review on June 22, 2016; and

  e. A safety compliance review on October 19, 2017.

25. In the midst of the safety issues described above, in June of 2017, Hall Hauling, LLC hired James Milstead as a driver, despite its inability to verify any of Milstead's stated experience driving a commercial motor vehicle.

26. In 2018, in lieu of continuing to hire Hall Hauling, LLC, Defendant U.S. Silica Company contracted with Hall Construction Services, LLC, a newly created company that had no operating authority, owned no commercial motor vehicles, and had no experience record and therefore, no safety history either way, as one of its regular motor carriers.

27. Between mid-2018 and the crash on November 23, 2020, Hall Construction Services, LLC, brokered all of its U.S. Silica loads to Hall Hauling, LLC.

28. Between mid-2018 and the crash on November 23, 2020, Hall Hauling, LLC's equipment and drivers, including James Milstead, continued to show up at U.S. Silica Company each day to pick up and haul freight, even though U.S. Silica had hired a "new" motor carrier in Hall Construction Services, LLC.

29. Between mid-2018 and the crash on November 23, 2020, Hall Hauling, LLC's safety record continued to deteriorate, with the following safety information being publicly available to Defendant U.S. Silica at a minimum:

| DATE | TYPE | CITATION/VIOLATION | LOCATION |
|---|---|---|---|
| 10.04.2018 | Crash | Improper lane usage | Bellefontaine |
| 11.14.2018 | Vehicle Maint. | Inoperative turn signal | MO |
| 11.29.2018 | Unsafe Driving | Failure to obey traffic device | MO |
| 12.17.2018 | Crash | Failure to yield | West Alton |
| 01.22.2019 | Unsafe Driving | Failure to obey traffic device | MO |
| 01.29.2019 | Vehicle Maint. | Mud flaps missing or defective | MO |
| 02.08.2019 | Vehicle Maint. | Hood not securely fastened | MO |
| 02.22.2019 | Crash | Following too close | Lake St. Louis |
| 03.06.2019 | Vehicle Maint. | Damaged or discolored windshield | MO |

| Date | Type | Description | State |
|---|---|---|---|
| 04.08.2019 | Vehicle Maint. <br> Vehicle Maint. <br> Vehicle Maint. <br><br> Vehicle Maint. | Clamp or roto type brake out-of-adjustment; <br> Brake hose or tubing chafing and/or kinking; <br> CMV manufactured after 10.19.1994 with automatic airbrake system that fails to compensate for wear; <br> Inoperable head lamps | MO |
| 04.11.2019 | Vehicle Maint. <br> Vehicle Maint. | No or improper load securement; <br> Wheel fasteners loose and/or missing | MO |
| 04.22.2019 | HOS Violation <br><br> Vehicle Maint. | Driver failed to manually add shipping document number; <br> Operating CMV without proof of periodic inspection | IA |
| 05.10.2019 | Vehicle Maint, <br> Vehicle Maint. | Inoperable head lamps; <br> Damaged or discolored windshield | MO |
| 08.22.2019 | Vehicle Maint. <br> Vehicle Maint. <br> Vehicle Maint. | Brake tubing and hose adequacy; <br> Brake tubing and hose adequacy under vehicle; <br> Inoperable required lamp | MO |
| 09.06.2019 | Unsafe Driving <br> Vehicle Maint. | Speeding 6-10 mph over speed limit; <br> Mud flaps missing or defective | MO |
| 09.10.2019 | Vehicle Maint. <br> Vehicle Maint. | Mud flaps missing or defective; <br> Lead spring assembly defective/missing | MO |
| 09.12.2019 | Unsafe Driving <br> Vehicle Maint. | Speeding 6-10 mph over speed limit; <br> Brake hose or tubing chafing and/or kinking | MO |
| 09.30.2019 | Unsafe Driving | Speeding 6-10 mph over speed limit | MO |
| 10.03.2019 | Unsafe Driving <br> HOS Violation | Speeding 6-10 mph over speed limit; <br> Portable ELD not mounted in fixed position/visible to driver | IA |
| 10.04.2019 | Crash | None | Valley Park |
| 10.05.2019 | Vehicle Maint. <br> Vehicle Maint. <br> Vehicle Maint. <br> HOS Violation | Lower rear mud flaps retroreflective materials; <br> Upper rear retroreflective materials; <br> No or defective ABS malfunction indicator lamp; <br> Portable ELD not mounted in fixed position/visible to driver | IA |
| 10.21.2019 | Vehicle Maint. <br> Vehicle Maint. | CMV not equipped with ABS malfunction circuit; <br> Tire tread depth less than 2/32 of inch | MO |
| 10.24.2019 | Vehicle Maint. | Tire tread depth less than 2/32 of inch | IL |
| 10.28.2019 | Unsafe Driving | Failing to use seat belt while operating CMV | MO |
| 02.03.2020 | Vehicle Maint. | Operating CMV without proof of periodic inspection | MO |
| 02.03.2020 | Driver Fitness | Driver not physically qualified | MO |
| 02.10.2020 | Unsafe Driving <br> Vehicle Maint. | Failing to use seat belt while operating CMV; <br> CMV other than tractor trailer manufactured on or after 03.01.1998 not equipped with antilock brake system | MO |
| 02.17.2020 | Vehicle Maint. | Operate CMV without proof of periodic inspection | MO |
| 03.09.2020 | Crash | None | St. Charles |
| 03.31.2020 | Vehicle Maint. <br> Vehicle Maint. <br> Vehicle Maint. <br><br> Vehicle Maint. | Brake hose or tubing chafing/kinking; <br> Clamp or roto type brake out-of-adjustment; <br> CMV manufactured after 10.19.1994 with automatic airbrake system that fails to compensate for wear; <br> No or defective ABS malfunction indicator lamp | MO |
| 04.20.2020 | Vehicle Maint. <br> Vehicle Maint. | Mud flaps missing or defective; <br> Tire-cut exposing ply and/or belt materials | MO |
| 04.29.2020 | Vehicle Maint. | Inoperable required lamp | MO |

| 05.04.2020 | Unsafe Driving | Lane restriction violation | MO |
| 05.22.2020 | Unsafe Driving | Failing to use seat belt while operating CMV | MO |
| 05.27.2020 | Unsafe Driving | Failing to use seat belt while operating CMV | MO |
| 06.10.2020 | Crash | Overcorrected | Ralls County |
| 06.13.2020 | Unsafe Driving | Speeding 6-10 mph over speed limit | MO |
| 07.01.2020 | Unsafe Driving Vehicle Maint. | Speeding 11-14 mph over speed limit; Mud flaps missing or defective | MO |
| 07.02.2020 | Unsafe Driving | Failing to use seat belt while operating CMV | IA |
| 07.07.2020 | Crash | None | Ralls County |
| 07.30.2020 | Unsafe Driving | Lane restriction violation | MO |
| 08.27.2020 | Vehicle Maint. | Brake connections with leaks or constructions | IA |
| 09.12.2020 | Crash | None | St. Louis City |
| 09.18.2020 | Unsafe Driving | Driving a CMV while disqualified | MO |
| 09.22.2020 | Unsafe Driving | Speeding 6-10 mph over speed limit | MO |
| 10.09.2020 | Unsafe Driving | Speeding 6-10 mph over speed limit | MO |

30.  Prior to the date of the crash, James Milstead had a long history of moving violations, motor

vehicle related citations, and criminal violations demonstrating a longstanding, consistent

and unrelenting pattern of his propensity to operate his tractor-trailer in an unsafe fashion,

as shown by (but not limited to) the following list, which at all times pertinent hereto was

readily available on the internet:

| DATE | CHARGE | COUNTY | CASE/TICKET NO. | PROOF |
|---|---|---|---|---|
| 08.08.2005 | Speeding - 11-15 over | Lincoln | 050363204 | Case.Net |
| 04.24.2006 | Speeding - 11-15 over | Pike | 041281558 | Case.Net |
| 12.13.2007 | Drove with defective equip -2D off | StL City Municipal | 051151314-6 | REJIS |
| 04.24.2008 | Overweight | St. Clair | 08TR0023782 | TLO |
| 01.05.2009 | No comm. license – Exceeded 5,000 lbs. | StL City Municipal | 071974776-B | REJIS |
| 04.20.2009 | Failed to drive on right half roadway | Ste. Genevieve | 071083022 | Case.Net |
| 11.20.2012 | Operate MC on tired fabric exposed/inferior load rate/groove depth/flat | Pike | 700581972 | Case.Net |
| 01.15.2014 | Impede traffic | StL City Municipal | 130547561-7 | REJIS |
| 07.15.2016 | Failed to have mudflaps | StL County | 702102413 | Case.Net |
| 07.15.2016 | Driver operate CMV without seatbelt | StL County | 702102414 | Case.Net |
| 09.01.2016 | Gross weight exceeded 80,000 lbs. | Lincoln | 702126720 | Case.Net |
| 04.12.2017 | Failed to equip CMV with required brakes | Lafayette | 702377508 | Case.Net |
| 05.25.2017 | Operate MCV with unsafe/ improper frame/suspension/axle/ wheel/rim and or steering system | Pemiscot | 702351568 | Case.Net |
| 05.25.2017 | Failed to equip CMV with required brakes | Pemiscot | 702351569 | Case.Net |

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

| 04.25.2018 | Passed vehicle on right and travel off main portion of road | Jefferson | 702733192 | Case.Net |
|---|---|---|---|---|

31.   For months prior to November 23, 2020, James Milstead began hauling sand for U.S. Silica Company on an exclusive or at least primary basis as compared to any other job duties.

32.   On November 23, 2020, James Milstead was driving his usual and customary route to and from shipper U.S. Silica Company, hauling sand on behalf of U.S. Silica Company, in a tractor-trailer owned by Hall Hauling, LLC.

33.   At the above-mentioned time and place, James Milstead was driving one of Hall Hauling, LLC's tractor trailers in a northerly direction on Interstate 55, near mile marker 182, in Jefferson County, Missouri, when he approached the rear of a slower-moving Chevrolet Cruze.

34.   At the above-mentioned time and place, Milstead struck the rear of the Cruze, lost control, struck another northbound vehicle, smashed through the median barrier cables, entered the southbound lanes of Interstate 55, and struck the vehicle occupied by Rebecca Joyce Byrd and Leonard Wayne Byrd head-on, causing both their deaths.

35.   The Cruze was in plain sight in the road in front of Milstead for over 11 seconds prior to impact, but Milstead took no action to avoid it.

36.   At the above-mentioned time and place, James Milstead was careless and negligent in one or more of the following respects:

    a.   Milstead failed to keep a careful lookout;

    b.   Milstead drove while distracted;

    c.   Milstead drove on the wrong side of the road;

    d.   Milstead drove while tired and/or fatigued;

    e.   Milstead failed to stop, slow, slacken his speed, and/or take other evasive action when he knew or should have known he would crash;

    f.   Milstead drove at an excessive rate of speed;

    g.   Milstead drove while untrained and unqualified; and

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

      h.   Milstead drove too fast for conditions.

37.    James Milstead's negligence described above caused or contributed to cause Decedent Leonard Wayne Byrd and Decedent Rebecca Joyce Byrd severe injuries, conscious pain and suffering, and death.

**COUNT I – NEGLIGENT HIRING/SELECTION OF AN INDEPENDENT CONTRACTOR**

COME NOW Plaintiffs, through counsel, and for Count I of their cause of action against Defendant U.S. Silica Company, hereby state as follows:

38.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully restated herein.

39.    At all relevant times prior to and including the November 23, 2020, Defendant U.S. Silica Company, a shipper, hired, contracted, and/or selected Hall Construction Services, LLC, Hall Hauling, LLC and/or James Milstead as a motor carrier for the conveyance of loads on behalf of Defendant U.S. Silica Company.

40.    At all relevant times, Defendant U.S. Silica Company, a large and sophisticated corporate entity and shipper, knew or should have known the following:

      a.   That Hall Construction Services, LLC was an incompetent, inexperienced, unlicensed, and unqualified motor carrier;

      b.   That Hall Hauling, LLC was an incompetent and unqualified motor carrier; and that Hall Hauling, LLC had a propensity for engaging in unsafe, risky and dangerous transportation practices, as illustrated by, but not limited to, the company violations prior to the fatal crash as detailed above.

      c.   That James Milstead was incompetent and unqualified to safely operate a commercial motor vehicle; and that Milstead had a propensity for unsafe driving by reason of his prior history of moving violations, motor vehicle related citations, criminal violations and his propensity to operate his tractor-trailer in an unsafe fashion.

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

41.  On the date of the fatal crash, Defendant US Silica was under a legal duty which is non-delegable and cannot be contractually discharged, to exercise ordinary care in locating, qualifying, selecting, and hiring competent, careful and skillful freight brokers, motor carriers and/or joint venturers to ensure transportation was performed in a reasonably skillful, careful and safe fashion.

42.  Defendant US Silica breached this duty and was thereby negligent in one or more of the following ways:

a.  Defendant US Silica negligently placed the motoring public, including decedents, at a greater risk by hiring Hall Construction, Hall Hauling, Jason Hall, and/or James Milstead, individually and/or by and through Hall Hauling or Hall Construction, to broker and/or transport freight versus locating a motor carrier and/or tractor-trailer driver with a better safety record, insofar as Defendant U.S. Silica knew or should have known that Hall Construction Services, LLC and/or Jason Hall would fail to conduct a meaningful and competitive search for any trucking company and/or truck driver other than Hall Hauling and James Milstead because Jason Hall profited both by brokering the load through Hall Construction and by transporting the load through Hall Hauling; and Defendant US Silica further knew or should have known that, had a meaningful and competitive search been conducted, the subject load could have been brokered with a company and driver with a better safety record;

b.  Defendant US Silica negligently hired Hall Construction, Hall Hauling, Jason Hall and/or James Milstead, individually and/or by and through Hall Hauling or Hall Construction, to transport the subject load on the date of the fatal crash;

c.  Defendant US Silica negligently retained Hall Construction, Hall Hauling, Jason Hall and/or James Milstead, individually and/or by and through Hall Hauling or Hall Construction, to transport the subject load on the date of the fatal crash;

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

    d.   Defendant US Silica negligently supervised Hall Construction, Hall Hauling, Jason Hall and/or James Milstead, individually and/or by and through Hall Hauling or Hall Construction, to transport the subject load on the date of the fatal crash;

    e.   Defendant US Silica negligently failed to promulgate, maintain, follow and/or enforce policies, procedures and rules to ensure that the process by which it located, screened, selected and hired its freight brokers, motor carriers and/or tractor-trailer drivers in a manner that prioritized safety over profits.

43. Defendant U.S. Silica Company's negligence as described herein concurred with James Milstead's negligence in operating the tractor trailer on November 23, 2020.

44. Defendant U.S. Silica Company's negligence as described herein directly and proximately caused the deaths of Leonard Wayne Byrd and Rebecca Joyce Byrd.

45. Defendant U.S. Silica Company's negligence and/or recklessness described above caused or contributed to cause Decedent Leonard Wayne Byrd and Decedent Rebecca Joyce Byrd severe injuries, conscious pain and suffering, and death.

46. As a direct and proximate result of the negligence and/or recklessness of Defendant U.S. Silica Company resulting in Decedent Leonard Wayne Byrd and Decedent Rebecca Joyce Byrd's deaths, Plaintiffs have been damaged in that they lost the financial support of Decedents, incurred funeral and other expenses, and have been permanently deprived of their services, companionship, comfort, society, counsel and support, all to their great damage.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendant U.S. Silica Company in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars **($25,000.00),** plus costs and interest incurred herein and for such other orders as this Court deems just under the circumstances.

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

## COUNT II – VICARIOUS LIABILITY – PRINCIPAL/AGENT

COME NOW Plaintiffs, through counsel, and for Count II of their cause of action against Defendant U.S. Silica Company, hereby state as follows:

47. Plaintiffs reallege and incorporate by reference each allegation set forth in the preceding paragraphs as if fully restated herein.

48. At all relevant times, James Milstead, Jason Hall, Hall Construction Services, LLC, and/or Hall Hauling, LLC, were acting in the course and scope of their agency and/or employment with Defendant U.S. Silica Company and their actions as described herein were done to serve the business interests of Defendant U.S. Silica Company.

49. In the alternative, at all relevant times, James Milstead, Jason Hall, Hall Construction Services, LLC, and/or Hall Hauling, LLC's actions, as described herein, were performed partially to serve the interests of James Milstead, Hall Construction Services, LLC, and/or Hall Hauling, LLC, and partially to serve the interests of Defendant U.S. Silica Company.

50. Defendant U.S. Silica Company's business created the necessity for Milstead's trip on November 23, 2020.

51. At all relevant times, Defendant U.S. Silica either controlled or had the right to control the physical conduct of James Milstead, Jason Hall, Hall Construction Services, LLC, and/or Hall Hauling, LLC.

52. Defendant U.S. Silica Company's negligence, by and through its agent, servant, and/or employees James Milstead, Hall Construction Services, LLC, and/or Hall Hauling, as set out above caused or contributed to cause Decedent Leonard Wayne Byrd and Decedent Rebecca Joyce Byrd severe injuries, conscious pain and suffering, and death.

53. As a direct and proximate result of the negligence and/or recklessness of Defendant U.S. Silica Company resulting in Decedent Leonard Wayne Byrd and Decedent Rebecca Joyce Byrd's deaths, Plaintiffs have been damaged in that they lost the financial support of Decedents,

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

incurred funeral and other expenses, and have been permanently deprived of their services, companionship, comfort, society, counsel and support, all to their great damage.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendant U.S. Silica Company in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars **($25,000.00),** plus costs and interest incurred herein and for such other orders as this Court deems just under the circumstances.

<u>**COUNT III – VICARIOUS LIABILITY – JOINT VENTURE/MUTUAL AGENCY**</u>

COME NOW Plaintiffs, through counsel, and for Count III of their cause of action against Defendant U.S. Silica Company, hereby state as follows:

54. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

55. At all relevant times, including the time of the collision, Hall Hauling, Hall Construction, Jason Hall, James Milstead, and/or Defendant U.S. Silica Company undertook to enter into a consensual arrangement between themselves (hereinafter, collectively, the "Joint Venturers"), to ship, broker, and/or carry Defendant U.S. Silica Company's freight for profit together as a joint enterprise and/or joint venture.

56. The structure of the joint venture consists of mutual agency relationships in which entities, by express or implied agreement, undertake to work together for the common purpose of shipping, brokering, and carrying freight for the common purpose of profiting from the regular transportation of freight during regular trips.

57. The express or implied agreement at the heart of the venture is as follows:

   a. Hall Hauling, LLC supplies the personnel, equipment, and motor carrier status required for hauling freight;

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

b.  Hall Construction Services, LLC acts as "broker" between the motor carrier and shipper in order to obtain additional profit and/or to supply the clean safety record necessary to meet shipper U.S. Silica Company's requirements;

c.  James Milstead, individually, and/or as an agent, servant, and/or employee of Hall Hauling, LLC and/or Hall Construction Services, LLC, and/or the joint venture as a whole, operated the commercial motor vehicle and hauled the loads;

d.  U.S. Silica Company, the shipper, supplies the freight and pays for the shipping cost, but at a discount due to the riskiness of associating with an unqualified broker and a motor carrier with a record that is demonstrably unsafe; and

e.  All parties profit more than they would if not for each of the parties' participation.

58.  The Joint Venturers acted in concert to combine their resources, contacts, labor, efforts, personnel, tractor-trailers and equipment, including the Tractor-Trailer involved in this fatal crash, and agreed to take a common interest in the delivery of services in the commercial trucking industry by providing broker logistics and freight transportation, with each giving substantial assistance to the other in accomplishing this objective.

59.  At all relevant times, including the time of the collision, the acts of James Milstead, including his operation of the Tractor-Trailer, were performed in the course and scope of his agency to serve the mutual benefit and interests of the Joint Venturers.

60.  At all relevant times, including the time of the crash, Defendant U.S. Silica Company, by and through its agents, servants, employees, and/or joint venturers, hired and/or selected the motor carrier and driver, operated the tractor-trailer, and were negligent as set out above.

61.  Defendant U.S. Silica Company's negligence, by and through its agent, servant, employee, and/or joint venturer James Milstead, Hall Construction Services, LLC, and/or Hall Hauling, as set out above caused or contributed to cause Decedent Leonard Wayne Byrd and Decedent Rebecca Joyce Byrd severe injuries, conscious pain and suffering, and death.

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

62.   As a direct and proximate result of the negligence and/or recklessness of Defendant U.S. Silica Company resulting in Decedent Leonard Wayne Byrd and Decedent Rebecca Joyce Byrd's deaths, Plaintiffs have been damaged in that they lost the financial support of Decedents, incurred funeral and other expenses, and have been permanently deprived of their services, companionship, comfort, society, counsel and support, all to their great damage.

63.   At all relevant times, including the time of the collision, the Joint Venturers each acted as agents of one another with each having control or the right to control the joint enterprise and/or joint venture, including the right to control the conduct of James Milstead.

64.   Accordingly, Hall Hauling, Hall Construction, Jason Hall and Defendant US Silica are liable, jointly and severally, in partnership and/or by virtue of joint enterprise and/or joint venture for negligent acts and/or omissions causing or contributing to cause the fatal crash described herein and for the resulting deaths of Leonard Wayne Byrd and Rebecca Joyce Byrd.

65.   Defendant US Silica acted in a manner that, either alone or combined with the actions of the other Joint Venturers, concurred with the negligent actions and/or omissions of each other, to directly and proximately cause and/or contribute to causing the deaths of Leonard Wayne Byrd and Rebecca Joyce Byrd.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendant U.S. Silica Company in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars **($25,000.00),** plus costs and interest incurred herein and for such other orders as this Court deems just under the circumstances.

<u>**COUNT IV – PLAINTIFFS AS THIRD-PARTY BENEFICIARY**</u>
<u>**OF JOINT VENTURERS' CONTRACT**</u>

COME NOW Plaintiffs, through counsel, and for Count IV of their cause of action against Defendant U.S. Silica Company, hereby state as follows:

66.   Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

67.  At all relevant times referenced herein, including at the time of the collision, there was an agreement between Hall Hauling, Hall Construction, Jason Hall and Defendant US Silica pursuant to which Defendant US Silica agreed to the payment of certain monies to the others in exchange for their brokering and/or conveying of freight from the premises of Defendant US Silica.

68.  Defendant US Silica owed a duty to exercise due care in the performance of the contractual undertakings, including a duty to select a broker and motor carrier capable of reasonably complying with US Silica's rules and specific safety standards incorporated into said contract for the protection of the motoring public who must share the road with the freight in transport.

69.  Defendant US Silica breached this contractually-assumed duty in that it failed to exercise due care in selecting or approving Hall Hauling, Hall Construction and/or Jason Hall as the broker and/or motor carrier to transport freight from the premises of Defendant US Silica on the day of the fatal accident at issue.

70.  The terms of the contract directly and clearly express an intent to benefit an identifiable class of persons, namely the motoring public, including decedents, in that the contract incorporates specific safety standards for the protection of the motoring public who must share the road with the freight in transport. Thus, the decedents were third party beneficiaries to this contract.

71.  Defendant US Silica's negligent performance of its contractual duty, in selecting, or in failing to reject the selection of, Hall Hauling, Hall Construction and/or Jason Hall as the broker and/or motor carrier, directly and proximately caused the deaths of Leonard Wayne Byrd and Rebecca Joyce Byrd.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendant U.S. Silica Company in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars

**($25,000.00),** plus costs and interest incurred herein and for such other orders as this Court deems just under the circumstances.

**GOLDBLATT + SINGER**

*/s/ Amanda N. Murphy*
**AMANDA N. MURPHY #59750**
amurphy@stlinjurylaw.com
**SHAUN M. FALVEY #55294**
sfalvey@stlinjurylaw.com
**8182 Maryland Ave., Ste. 801**
**St. Louis, MO 63105**
**(314) 231-4100 – Office**
**(314) 241-5078 – Fax**

*ATTORNEYS FOR PLAINTIFFS*

**22JE-CC00570**

Electronically Filed - Jefferson - July 13, 2022 - 03:49 PM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| SABRINA BYRD, individually, and on behalf | ) | |
| of the Estate of Leonard Wayne Byrd and the | ) | |
| Estate of Rebecca Joyce Byrd, DENNIS BYRD, | ) | |
| MICHELLE BYRD, LISA FORRESTER, | ) | |
| LEONARD LEE BYRD and | ) | |
| RONDA PEZZULICH, | ) | |
| | ) | Cause No. |
| Plaintiffs, | ) | |
| | ) | Division |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| U.S. SILICA COMPANY, | ) | |
| **Serve:  Registered Agent** | ) | |
| **CT Corporation System** | ) | |
| **120 South Central Avenue** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM REQUESTING SUMMONS

COME NOW Plaintiffs, by and through undersigned attorney, and hereby requests a **Summons** be ordered to issue for service on **Defendant U.S. Silica Company, c/o CT Corporation System, 120 South Central Avenue, Clayton, MO 63105** for service by John Houseman or any agent of Captured Investigative Agency, P.O. Box 50341, Clayton, MO 63105**.**

So Ordered: _____

GOLDBLATT + SINGER

*/s/ Amanda N. Murphy*_____
AMANDA N. MURPHY #59750
amurphy@stlinjurylaw.com
SHAUN M. FALVEY #55294
sfalvey@stlinjurylaw.com
8182 Maryland Ave., Ste. 801
St. Louis, MO 63105
(314) 231-4100 – Office
(314) 241-5078 – Fax

*ATTORNEYS FOR PLAINTIFFS*



**IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI**

| Judge or Division:<br>BRENDA   STACEY | **Case Number:  22JE-CC00570** |
|---|---|
| Plaintiff/Petitioner:<br>SABRINA BYRD | Plaintiff's/Petitioner's Attorney/Address<br>Amanda N Murphy<br>8182 Maryland Ave<br>STE 801<br>ST LOUIS, MO  63105 |
|           vs. | |
| Defendant/Respondent:<br> U.S. SILICA COMPANY | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  U.S. SILICA COMPANY |
|---|

Alias:

REGISTERED AGENT
CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

*COURT SEAL OF*

*JEFFERSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    July 14, 2022        MICHAEL REUTER, CIRCUIT CLERK
                            BY:/S/T.LUCAS, DEPUTY CLERK
          Date                        Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
   Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                      Date               Notary Public

**Sheriff's Fees, if applicable**
Summons         $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $_____10.00_____
Mileage           $_____ (_____ miles @ $._____ per mile)
**Total**           **$_____**
 A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Jefferson - July 19, 2022 - 01:37 PM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

SABRINA BYRD, individually, and on behalf )
of the Estate of Leonard Wayne Byrd and the )
Estate of Rebecca Joyce Byrd, DENNIS BYRD, )
MICHELLE BYRD, LISA FORRESTER, )
LEONARD LEE BYRD and )
RONDA PEZZULICH, )
                                        )   Cause No.       22JE-CC00570
       Plaintiffs, )
                                         )   Division       4
v. )
                                         )   **JURY TRIAL DEMANDED**
U.S. SILICA COMPANY, )
                                         )
       Defendant. )

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that Plaintiff's First Request for Production Directed to

Defendant was served with the Summons and Petition via special process server.

**GOLDBLATT + SINGER**

***/s/ Amanda N. Murphy***
**AMANDA N. MURPHY #59750**
amurphy@stlinjurylaw.com
**SHAUN M. FALVEY #55294**
sfalvey@stlinjurylaw.com
**8182 Maryland Ave., Ste. 801**
**St. Louis, MO 63105**
**(314) 231-4100 – Office**
**(314) 241-5078 – Fax**

***ATTORNEYS FOR PLAINTIFFS***

255 6

Electronically Filed - Jefferson - August 12, 2022 - 01:37 PM



**IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI**

| Judge or Division:<br>BRENDA  STACEY | Case Number:  22JE-CC00570 |
|---|---|
| Plaintiff/Petitioner:<br>SABRINA BYRD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>Amanda N Murphy<br>8182 Maryland Ave<br>STE 801<br>ST LOUIS, MO  63105 |
| Defendant/Respondent:<br>U.S. SILICA COMPANY | Court Address:<br>P O BOX 100<br>300 MAIN ST |
| Nature of Suit:<br>CC Wrongful Death | HILLSBORO, MO  63050                    (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  U.S. SILICA COMPANY
                                        Alias:

**REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**

*COURT SEAL OF*

*JEFFERSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

|  |  |
|---|---|
| July 14, 2022 | MICHAEL REUTER, CIRCUIT CLERK<br>BY:/S/T.LUCAS, DEPUTY CLERK |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to:
Bonnie Love (name) Process Specialist (title).
☐ other: _____

Served at 120 S Central ste 400 Clayton, MO 63105 (address)
in St Louis (County/City of St. Louis, MO, on 7/21/2022 (date) at 10:01 a.m (time).

John G. Houseman

| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

F467

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

| Date | Notary Public |

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.