# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SABRINA BYRD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-875-SPM |
| | ) | |
| U.S. SILICA CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Memorandum Showing Cause Why Sanctions Under Rule 37(a)(B)(5) should be denied. (ECF No. 72). The time for Defendant to file a response has expired. For the following reasons, the Court will order Plaintiffs' counsel to pay Defendant's s reasonable expenses incurred in opposing Plaintiffs' Motion to Compel and Motion for Sanctions, including attorney's fees.

## I.    BACKGROUND

On June 21, 2024, this Court entered an order denying Plaintiffs' Motion to Compel and Motion for Sanctions Directed to Defendant U.S. Silica Co. ECF No. 66.[1] The Court found that the motion to compel should be denied because Plaintiffs did not make a good faith attempt to resolve the discovery dispute before filing their motion to compel, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure, Rule 3.04(A) of the Local Rules for the United States District Court for the Eastern District of Missouri, and this Court's orders. The Court also discussed the merits of several specific issues raised in the motion to compel and found Plaintiffs' motion to

---

[1] The Court's June 21st order contains a detailed discussion of the background relevant to the motion to compel and the issues raised in the motion to compel; that discussion will not be repeated here.

compel mostly without merit. The Court ultimately denied the motion to compel and motion for sanctions, ordered Defendant to supplement its response to one request (Request for Production #28), ordered Defendant to supplement its objections to several other requests to clarify whether any documents were being withheld based on the objections, ordered the parties to meet and confer to resolve outstanding issues related to the privilege log and certain other requests, and ordered Plaintiffs' counsel to show cause why the Court should not impose sanctions against him pursuant to Fed. R. Civ. P. 37(a)(5)(B).

## II.    LEGAL STANDARD

Under Rule 37(a)(5)(B), if a motion to compel is denied, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B). "A motion is 'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "There is no bright line standard for 'substantial justification,'" and courts must use discretion in assessing whether this standard is satisfied. *See Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co*., 142 F.R.D. 677, 679 (S.D. Iowa 1992). The purpose of the rule is to "protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton County*, 527 U.S. 198, 208 (1999).

## III.    DISCUSSION

Plaintiffs argue that the Court should not order payment of expenses because the motion to

compel was substantially justified for two reasons: (1) Plaintiffs believed in good faith that the motion to compel was proper and necessary because the parties had reached an impasse; and (2) the Court's June 21, 2024, Order denying the motion to compel required Defendant to take some actions that were consistent with what Plaintiffs alleged in their motion to compel. In the alternative, Plaintiffs argue that apportionment of expenses under Rule 37(a)(5)(C) would be more fitting than sanctions against Plaintiffs' counsel because the Court effectively granted parts of the motion to compel.

After review of the record, the Court finds Plaintiffs' arguments unpersuasive and finds Plaintiffs did not have substantial justification for filing the motion to compel. As the Court set out in its June 21st Order, both the Federal Rules of Civil Procedure and the Local Rules for this Court require that, before filing a motion to compel, the movant in good faith confer or attempt to confer with the party who has failed to make disclosure or discovery. *See* Fed. R. Civ. P. 37(a)(1); E.D. Mo. L.R. 3.04(A). Additionally, in the January 30th Order on which the motion to compel was based, the Court stated:

> **IT IS FINALLY ORDERED** that with respect to all of the interrogatories and requests for production addressed in the parties' Joint Memorandum, **the parties are directed to engage in good-faith negotiations and attempt to resolve outstanding discovery issues in the manner discussed on the record at the discovery conference.** As it pertains to the issues discussed at the discovery conference, **the parties may file a motion to compel discovery, overrule objections, and/or for a protective order only if, after engaging in the type of good-faith negotiations described by the Court during the conference**, they are unable to resolve the issues without court intervention.

ECF No. 59 (emphasis added). This order followed a lengthy discovery conference at which the Court directed the parties to meet and confer after Defendant's February 9th supplemental responses to narrow the issues, repeatedly told the parties to "talk" to each other, repeatedly described the type of back-and-forth negotiations it expected the parties to engage in (including describing hypothetical exchanges the parties might have about particular topics), and noted at one point that although "it's

easier to shoot emails at each other," the Court expected the parties to "sit around the conference room table" to figure out what they really wanted and "keep the process moving."

There is nothing to indicate that Plaintiffs' counsel engaged in any conduct that satisfied—or that a reasonable person could have believed satisfied—the good-faith negotiation requirement that was an express prerequisite to filing a motion to compel. It does not appear that Plaintiffs' counsel ever discussed the issues in the motion to compel with defense counsel either in person or by telephone between the discovery conference and the filing of the motion to compel, despite having several months to do so and despite at least two suggestions from defense counsel (one on May 9th and one on June 6th) that the parties schedule a phone call to discuss the issues. *See* ECF No. 69-5, at pp. 1, 5. Plaintiffs' counsel's only attempt to discuss these issues by phone or in person with defense counsel during this period appears to have been a single voice mail left the day before the motion to compel was filed, in which Plaintiffs' counsel apparently told defense counsel that the disputes needed to be taken up with the Court. *See* Pls.' Mem., ECF No. 72, at 2. Plaintiffs' email communications with defense counsel during the relevant period—two emails sent on May 29th—also do not come close to showing an attempt at good faith negotiations. The first email accused Defendant of having willfully violated the Court's discovery order, threatened court involvement if documents were not produced within seven days, and concluded, "Feel free to call my cell [number] to discuss the same, but know there really isn't anything to discuss." ECF No. 69-5, at pp. 3-5. The second answered a question from defense counsel and explained Plaintiffs' reasons for the scope of Plaintiffs' document requests. ECF No. 69-5, at p. 2. No reasonable person could have believed that this series of communications satisfied the Court's express requirement that the parties "engage in good-faith negotiations and attempt to resolve outstanding discovery issues in the manner discussed on the record at the discovery conference" before filing a motion to compel.

4

It also does not appear that Plaintiffs' counsel could reasonably have believed that Defendant was no longer willing to negotiate or that the parties were at an impasse. The same day Plaintiffs sent the May 29th email, defense counsel responded, stating that he was working with his client on these issues and asking a clarifying question. ECF No. 69-5, at pp. 2-5. Defense counsel followed up on June 6th, this time attaching a supplemental privilege log, stating that Defenant was finalizing review of several thousand additional documents and would supplement the production early the following week,[2] stating that it was standing on its objection to producing post-accident material, and suggesting a call to discuss any of these issues in greater detail. ECF No. 69-5, at p. 1. Plaintiffs' counsel then called defense counsel and left a voice mail on June 6th, received a voice mail in response on June 7th that included the phrase, "I understand it . . . " in response to Plaintiffs position that the disputes needed to be taken up with the Court,[3] and filed the motion to compel the same day. This series of exchanges would not have led a reasonable attorney to a belief that the parties were at an impasse and that immediate Court intervention was necessary, especially given defense counsel's email one day before indicating that it would be producing documents the following week and that defense counsel was willing to discuss the issues.

Even if the Court were to ignore Plaintiffs' failure to engage in the good faith negotiations ordered by the Court before filing the motion to compel, the Court would also find that Plaintiffs lacked substantial justification for filing the motion to compel on the merits. As the Court noted in

---

[2] Plaintiffs argue that Defendant only disclosed the existence of these additional several thousand emails because it knew Plaintiffs would be filing the motion to compel (presumably because of the May 29th email threatening court intervention). Perhaps that is the case, but perhaps Defendant would also have disclosed them had Plaintiffs made a good faith attempt at resolution before threatening court intervention.

[3] It is not at all clear from Plaintiffs' counsel's description of the voice mails what their specific content was. *See* Pls.' Mem., ECF No. 72, at p. 2.

its order denying the motion to compel, the essence of Plaintiffs' motion to compel full and complete discovery responses was not that Defendant had refused to produce responsive documents, but rather that Defendant had violated the Court's January 30th Order because that order implicitly overruled Defendant's objections to the disputed requests and required Defendant to respond to those requests "as written and in full." *See* Mem. Opin. & Order, ECF No. 71, at 12. As the Court has already found, that is not what the Order did; instead, it "makes clear that the Court reserved the issue of whether to compel discovery or to sustain or overrule objections" by stating, "As it pertains to the issues discussed at the discovery conference, the parties may file a motion to compel discovery, overrule objections, and/or for a protective order only if, after engaging in the type of good-faith negotiations described by the Court during the conference, they are unable to resolve the issues without court intervention." *Id.* at 13. The Court now further finds that Plaintiffs' interpretation of the January 30th Order is not one as to which "reasonable people could differ," *Doe*, 407 F.3d at 765, as might support a finding of substantial justification. Plaintiffs' interpretation was not supported by the language of the January 30th Order. The Court has also reviewed the audio of the January 30th discovery conference to assess whether any statements made at the conference might have given a reasonable attorney the impression that the Court was overruling Defendant's objections or was ordering Defendant to provide responses as written and in full. The Court found no such statements. To the contrary, the Court and counsel discussed at several points during the discovery conference that some of Plaintiffs' requests were "problematic," that Defendant would be producing supplemental responses subject to objections, that the parties would need to discuss the requests and objections and attempt to resolve the issues, and that if the parties were unable to reach agreement,  Plaintiffs' counsel could later ask the Court to overrule specific objections. Plaintiffs' decision to file a motion to compel premised on the position that the January 30th Order required Defendant to file full

responses without objection was not substantially justified.

The Court is also unpersuaded by Plaintiffs' argument that the motion to compel was substantially justified because the Court required Defendant to take various actions that were consistent with what Plaintiffs alleged in their Motion to Compel. The Court acknowledges that there are some aspects of the June 21st Order denying Plaintiff's motion to compel that are consistent with aspects of Plaintiffs' motion to compel, including the Court's finding that Defendant's response to one Request for Production was evasive and incomplete, the Court's order requiring Defendant to supplement its objections by stating whether any responsive materials were being withheld based on objections, and the Court's guidance to both parties regarding the required components of a privilege log. But the Court made those statements only after *denying* the motion to compel in its entirety based on Plaintiff's failure to comply with the good-faith negotiation requirement. Additionally, the Court made those statements in the context of a broad motion to compel that it found, for the most part, to be without merit and based on an incorrect reading of the Court's January 30th Order. The fact that a few of the issues raised may have had some merit had they been presented properly to the Court does not provide substantial justification for Plaintiff's prematurely filed and overly broad motion to compel.

Finally, Plaintiffs suggest that the Court should treat the motion to compel as having been granted in part and denied in part and should apportion expenses to Plaintiffs' counsel and defense counsel accordingly, pursuant to Fed. R. Civ. P. 37(a)(5)(C). For the reasons stated above, the Court finds this inappropriate because the motion to compel was denied in its entirety. Moreover, even if the Court had granted Plaintiffs' motion in part, Rule 37(a)(5)(A)(i) precludes an award of fees for a successful motion to compel that was filed before a good faith attempt to obtain the disclosure or discovery without court action. *See* Fed. R. Civ. P. 37(a)(5)(i).

## IV.    CONCLUSION

For the reasons stated above, the Court finds Plaintiffs have not shown that their motion to compel was substantially justified or that an award of expenses would be unjust. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' counsel shall pay Defendant's reasonable expenses, including attorney's fees, incurred in opposing Plaintiffs' Motion to Compel and Motion for Sanctions Directed to Defendant U.S. Silica Co. (ECF No. 66).

**IT IS FURTHER ORDERED** that Defendant shall file documentation of the reasonable expenses, including attorney's fees, it incurred in opposing Plaintiff's Motion to Compel and Motion for Sanctions no later than **Friday, December 20, 2024**. Plaintiffs' objections, if any, shall be filed no later than **Friday, January 3, 2025**.

Dated: December 9, 2024.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE