# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SABRINA BYRD, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:22-CV-875-SPM |
| U.S. SILICA CO., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant U.S. Silica Company's Memorandum in Response to Order that Defendant File Documentation of Certain Reasonable Expenses and Fees. (ECF No. 79). For the following reasons, the Court will award Defendant U.S. Silica Company fees in the amount of $3,288.00.

On December 9, 2024, the Court entered an order finding that Plaintiffs' counsel was required to pay Defendant's reasonable expenses, including attorney's fees, incurred in opposing Plaintiffs' Motion to Compel and Motion for Sanctions Directed to Defendant U.S. Silica Co. (ECF No. 75). At the direction of the Court, and after obtaining an extension of time, Defendant U.S. Silica filed a memorandum requesting $3,288.00 in fees and expenses and attaching documentation in support of that request. Defendants filed billing records reflecting 14.4 hours worked by an attorney at Brinker & Doyen LLP at a rate of $160 per hour (for $2,304.00 total) and 4.1 hours worked by an attorney at Morrow Willnauer LLC at a rate of $240 per hour (for $984 total). The time for Plaintiffs to file a response has expired.

"The party seeking litigation fees bears the burden to provide evidence of the hours worked and the rate claimed." *Starks v. St. Louis Cnty.*, No. 4:21-CV-435 RLW, 2023 WL 2682003, at *2

(E.D. Mo. Mar. 29, 2023) (internal quotation marks omitted). "The party seeking the award must submit evidence supporting the requested hours and rates, making a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The starting point in determining reasonable attorney fees "is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 420 (8th Cir. 2024) (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Id.* (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)). The Court "has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar." *Id.* (quoting *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021)).

The Court finds both the hourly rates and the number of hours sought to be reasonable. Defendant U.S. Silica Company seeks an hourly rate of $160 for one attorney and a rate of $240 for another. Based on the Court's own familiarity with the local bar and market rates, and in the absence of any opposition from Plaintiff, the Court finds these rates reasonable. Defendant U.S. Silica seeks compensation for 18.5 hours of attorney work. Billing entries show that this reflects time spent on matters such as preparing an opposition to the motion to compel, reviewing court orders and correspondence relevant to the motion to compel, and preparing for and attending the hearing on the motion to compel. After consideration of the billing entries and the nature of the motion to compel, the Court finds the number of hours spent is reasonable. Accordingly,

**IT IS HEREBY ORDERED** that Defendant U.S. Silica Company is awarded $3,288.00, to be paid by Plaintiffs' counsel within **thirty (30) days** of the date of this order.

                                                            /s/ Shirley Padmore Mensah
                                                            SHIRLEY PADMORE MENSAH
                                                            UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of February, 2025.